Michael C. Ormsby
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Joseph Sullivan
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835-6308

ORIGINAL

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 2 2 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK JAMES HERNANDEZ,<br><br>Defendant. | Case No.: 2:13-PO-80012-JTR<br><br>UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

Plaintiff United, States of America, by and through Michael C. Ormsby, United States Attorney, Caitlin Baunsgard, Assistant United States Attorney, and Joseph Sullivan, Law Clerk, United States Attorney's Office for the Eastern District of Washington, and Defendant, DEREK JAMES HERNANDEZ, and the Defendant's counsel, Amy Rubin, of the Federal Defenders of Eastern Washington and Idaho, agree to the following Unsupervised Pre-Trial Diversion Agreement ("Agreement").

Unsupervised Pre-Trial Diversion Agreement - 1

ORIGINAL

The Defendant is before the Court currently charged under Violation Notice Number P0580467 (ECF. 1, 2:13-PO-80012-JTR) for Misappropriation of Property, in violation of 36 C.F.R. § 2.30(a)(1), issued on September 19, 2013.

The United States and the Defendant agree that this case shall be continued until April 22, 2015, and thereafter dismissed, without prejudice upon motion by the United States, provided the Defendant abides by all the conditions and requirements herein outlined.  If the Defendant completes all of the Conditions of Unsupervised Pre-Trial Diversion, as outlined below, by October 22, 2014, the United States will not oppose the Defendant's motion for early release from this Pre-Trial Diversion Agreement.  If the Defendant completes all of the Conditions of Unsupervised Pre-Trial Diversion, as outlined below, and does not violate this Agreement during its term, the United States will not oppose the Defendant's motion for dismissal with prejudice so long as that motion is made after October 22, 2015.

## FACTUAL BACKGROUND

The United States and the Defendant stipulate and agree that the following facts are truthful and accurate and form a sufficient basis for a finding of guilt for Misappropriation of Property, in violation of 36 C.F.R. § 2.30(a)(1); that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts can be used as a basis for making findings and entry of judgment per the terms of this Agreement.

On or about September 19, 2013, at #4 Sherman Homes Spur Road, Kettle Falls, Washington, in the Lake Roosevelt National Recreation Area, in the Eastern District of Washington, the Defendant did exercise unlawful possession over the property of Bruce Brauner, to wit: a bicycle, for the purpose of depriving Mr. Brauner of that bicycle.  At the time, Defendant was disoriented and under the

Unsupervised Pre-Trial Diversion Agreement - 2

influence of an unknown substance.  A neighbor contacted the Defendant and
convinced him to return the bicycle to its lawful owner.  National Park Service
Rangers Mitchell and Rutter contacted the Defendant and issued him a citation.
The Rangers transported the Defendant and released him into the custody of his
father.

### ACCEPTANCE OF PRE-TRIAL DIVERSION AND
### STIPULATION OF FACTS

The Defendant hereby:

1. Accepts and agrees to pursue and complete the terms and conditions of
this Unsupervised Pre-Trial Diversion Agreement ("Agreement");

2. Understands that if he fails or neglects to comply with any part of the
terms and conditions of the Agreement, then the Court will hold a hearing to
determine whether judgment should be entered as charged for Misappropriation of
Property, in violation of 36 C.F.R. § 2.30(a)(1).  After the hearing, the Court will
either order that Defendant continue with the conditions of his unsupervised pre-
trial diversion, order additional conditions, or be removed from pre-trial diversion
and enter judgment on the charges.

3. Agrees that if the Court revokes the order granting this unsupervised pre-
trial diversion, the facts from the Factual Background above and any written
officer reports and any attachment thereto will be admissible as evidence to be
used to support a finding of guilt when the Court enters judgment.  Defendant
understands that by agreeing to this process, he is giving up certain Constitutional
rights.  He specifically acknowledges that he is giving up the right to a trial, the
right to testify or not to testify, the right to question witnesses, the right to call
witnesses on his own behalf, and the right to present evidence or a defense.

Unsupervised Pre-Trial Diversion Agreement - 3

*PER AHREM —JRS 7/7/2/

* LIMITED TO CITATION # POS8 0467 DATED 9-19-13
AND 3 PAGE INCIDENT # NP13077707 DATED 9-19-13

4. Understands that he is entitled to a trial that would determine whether the United States could prove him guilty of the instant charge beyond a reasonable doubt. He does hereby, voluntarily and with knowledge of the above rights, waive his right to a trial of this case by the Court pursuant to paragraph three (3) above;

5. Agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington through his attorney within one (1) business day of the potential violation. This communication should be done by telephone to (509) 353-2767.

### CONDITIONS OF UNSUPERVISED PRE-TRIAL DIVERSION

The Defendant must abide by the following conditions and requirements:

1. Defendant shall successfully complete an accredited 8-hour Drug Awareness/Information School, or equivalent, on or by April 22, 2015.

2. Defendant shall provide the United States Attorney's Office of the Eastern District of Washington, through his attorney, written documentation verifying the completion of the 8-hour Drug Awareness/Information School by April 22, 2015.

3. Defendant shall complete at least twenty (20) volunteer hours on or by April 22, 2015.

4. Defendant shall provide the United States Attorney's Office of the Eastern District of Washington, through his attorney, written documentation of his volunteer hours. This verification should include the name and signature of the supervisor and contact information for the same.

5. Defendant shall complete these community service hours at a 501(c)(3) organization with which neither he nor his immediate family has any past or current affiliation.

6. Should the Defendant choose to do so, he may pay a forfeiture of $10.00 in lieu one hour of community service. Defendant may pay this forfeiture in any

Unsupervised Pre-Trial Diversion Agreement - 4

amount, up to $200.00, so long as he: actually completes 20 hours of community service; pays a total forfeiture of $200.00; or accomplishes any proportional combination of the two. Any forfeiture must be paid to the Clerk of the District Court.

6. Defendant shall not violate nor be charged with or convicted of any criminal violations under federal, state, or local law before this cause is dismissed without prejudice, or judgment is entered, per the terms of this Agreement. Civil and Non-Criminal Traffic Infraction violations will not constitute a violation of this Agreement.

If the Defendant complies with all the obligations mentioned above, no prosecution for the conduct set out in the Factual Background section of this Agreement will be instituted in the Eastern District of Washington and the United States agrees to dismiss these charges without prejudice.

Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offenses may be imposed pursuant to the procedures outlined herein. If a conviction occurs, the Defendant understands he will be subject to a sentencing which may include up to six months imprisonment and/or a $5,000 fine.

ADVICE AND ACKNOWLEDGMENT OF DEFENDANT'S RIGHTS

I, DEREK JAMES HERNANDEZ, understand and acknowledge I have the following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;

2. The right at trial to question witnesses who testify against me;

3. The right at trial to call witnesses to testify for me;

4. The right to present evidence and a defense;

Unsupervised Pre-Trial Diversion Agreement - 5

5. The right to appeal a judgment of guilt.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily, waiving these rights.  I further understand that by continuing these charges until April 22, 2015, I am agreeing to follow the procedures outlined in this Agreement.

I, DEREK JAMES HERNANDEZ, hereby state that I have read this document in its entirety.  I understand the conditions of my unsupervised pre-trial diversion and agree that I will comply with those conditions.


_____     4-22-14
DEREK JAMES HERNANDEZ            Date
Defendant

_____     4/22/14
Amy Rubin                       Date
Attorney for the Defendant

_____     4-22-14
Caitlin Baunsgard               Date
Assistant United States Attorney

_____     4/22/14
Joseph Sullivan                 Date
Law Clerk


Unsupervised Pre-Trial Diversion Agreement - 6

1   Michael C. Ormsby
    United States Attorney
2   Eastern District of Washington
    Caitlin Baunsgard
3   Assistant United States Attorney
    Joseph Sullivan
4   Law Clerk
    Post Office Box 1494
5   Spokane, WA 99210-1494
    Telephone: (509) 835-6308
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF WASHINGTON
10
11  UNITED STATES OF AMERICA,            Case No.: 2:13-PO-80012-JTR
12                Plaintiff,
13          vs.                          PROPOSED ORDER
                                         GRANTING
14  DEREK JAMES HERNANDEZ,               UNSUPERVISED PRE-
                                         TRIAL DIVERSION
15                Defendant.             AGREEMENT
16
17
18          Upon consideration of the parties' Unsupervised Pre-Trial Diversion

19  Agreement, and being fully advised of the facts and circumstances of this case, the

20  Court finds the Defendant has agreed to comply with the terms and conditions of

21  the Unsupervised Pre-Trial Diversion Agreement; that the Court finds the

22  Defendant has acknowledged the admissibility of the stipulated facts and law

23  enforcement reports in any criminal hearing on the underlying offense or offenses

24  held subsequent to revocation of the order granting pre-trial diversion; that the

25  Defendant's statements were made knowingly and voluntarily; and that the

26  Defendant has knowingly and intelligently waived his Constitutional and statutory

    Unsupervised Pre-Trial Diversion Agreement - 7

1 rights to a speedy trial, to question those witnesses against him, to call witnesses
2 on his behalf, and to present evidence or a defense at trial.

3

4 NOW THEREFORE, IT IS HEREBY ORDERED:

5     1. The Defendant is accepted for unsupervised pre-trial diversion;

6     2. The Defendant shall comply with all the terms and conditions as set forth

7 in the Unsupervised Pre-Trial Diversion Agreement;

8     3. If the Court finds that the Defendant violated any term of the

9 Unsupervised Pre-Trial Diversion Agreement, the Court shall make findings

10 pursuant to the procedures outlined in the Agreement.

11

12

13 _____      4-22-14

14 HON. John T. Rodgers            Date

15 United States Magistrate Judge

16

17

Unsupervised Pre-Trial Diversion Agreement - 8